1  Wendy M. Mantell (CA State Bar No. 225544)
2  Email: mantellw@gtlaw.com
   GREENBERG TRAURIG LLP
3  2450 Colorado Avenue
   Suite 400 East
4  Santa Monica, CA 90404
   Telephone: 310-586-7700
5  Facsimile: 310-586-7800

6  Mark R. Galis (*pro hac vice* admission pending)
7  Email: galism@gtlaw
   Jeffrey G. Mote (*pro hac vice* admission pending)
8  Email: motej@gtlaw.com
9  Kevin J. O'Shea (*pro hac vice* admission pending)
10 Email: osheak@gtlaw.com
   James J. Lukas, Jr. (*pro hac vice* admission pending)
11 Email: lukasj@gtlaw.com
12 GREENBERG TRAURIG LLP
   77 West Wacker Drive
13 Suite 2500
   Chicago, IL 60601
14 Telephone: 312-456-8400
   Facsimile: 312-456-8435
15

16 Attorneys for Plaintiff Universal Electronics Inc.

17

## UNITED STATES DISTRICT COURT

18

## CENTRAL DISTRICT OF CALIFORNIA

19

## SOUTHERN DIVISION

20

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC., | No.: **SACV09-00207 DOC (RNBx)** |
| Plaintiff, | **COMPLAINT** |
| v. | |
| WARREN COMMUNICATIONS NEWS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

21
22
23
24
25
26
27
28

CONFORMED COPY

Plaintiff Universal Electronics Inc., by and through undersigned counsel, and for its Complaint against Defendant Warren Communication News, Inc., states as follows:

## SUMMARY OF NATURE OF ACTION

1.     This is an action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; violation of the Stored Communications Act, 18 U.S.C. § 2701; violation of California Penal Code § 502 (Comprehensive Computer Data Access & Fraud Act); violation of California Business and Professions Code § 17200; California common law invasion of privacy; California common law trespass to chattels; and a declaratory judgment of no copyright infringement.

2.     The unauthorized use of embedded email tracking and intercepting software and code by Defendant, Defendant's agents, and/or other third parties who were directed and encouraged by Defendant constitutes a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; violation of the Stored Communications Act, 18 U.S.C. § 2701; violation of California Penal Code § 502 (Comprehensive Computer Data Access & Fraud Act); violation of California Business and Professions Code § 17200; California common law invasion of privacy; and California common law trespass to chattels. UEI should be awarded a declaratory judgment of no copyright infringement because UEI has not infringed Defendant's copyrights and any claim for relief by Defendant for copyright infringement is barred.

## THE PARTIES

3.     Plaintiff Universal Electronics Inc. ("UEI") is a Delaware corporation with its principal place of business located at 6101 Gateway Drive, Cypress, California 90630.  UEI is an industry leader in the design, development, and manufacture of remote control technology.

1    4.   Defendant Warren Communications News, Inc. ("Defendant") is a

2  Delaware corporation with its principal place of business located at 2115 Ward

3  Court N.W., Washington, D.C. 20037.   Defendant publishes news on the

4  telecommunications, broadcasting, Internet, and the consumer electronics

5  industries, including a publication entitled *Consumer Electronics Daily* ("*CED*")

6  that it publishes and distributes electronically over the Internet.

7                              **JURISDICTION AND VENUE**

8    5.   This Court has personal jurisdiction over Defendant because

9  Defendant has purposefully directed its business activities toward California and

10  this District by offering to sell and selling its publications to California residents

11  including UEI; Defendant has committed torts in California and this District; and

12  Defendant has violated federal and California statutory and common law in

13  California and this District.

14    6.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

15  1331, 1338, the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the

16  Federal Copyright Act, 17 U.S.C. §§ 101 *et seq*.   The Court has supplemental

17  jurisdiction over the state law claims that arise under the laws of the state of

18  California pursuant to 28 U.S.C. § 1367(a) because the state claims are so related to

19  the federal claims that they form a part of the same case or controversy and derive

20  from a common nucleus of operative facts.

21    7.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c)

22  and (d).   The claims asserted in this action arose in this District; a substantial part of

23  the activities, conduct, and/or damages occurred in this District; and Defendant is

24  subject to personal jurisdiction in this District.

25

26

27

28

## FACTUAL BACKGROUND

### Defendant's Alleged *CED* Copyright Protection

8.     Defendant's *CED* is a newsletter published by the Defendant that is only available from Defendant with an annual subscription and via an initial free monthly offer on Defendant's website.  It is not available for daily purchase.  On information and belief, Defendant currently offer an annual subscription for *CED* for about $1,900.00.

9.     During the period of alleged infringement of February 20, 2006 through February 19, 2008 (the "Subscription Period"), Defendant only registered the *CED* in monthly compilations.  Defendant did not register the *CED* on a daily or weekly basis.  Defendant did not file a registration for the months of June 2006 and March, April, and September 2007.  Moreover, Defendant failed to file a registration for the month of November 2006 within three months of its publication. Defendant only received twenty (20) registrations from the Copyright office during the period of alleged infringement that can be used to award statutory damages, the Copyright office did not require Defendant to deposit each daily *CED*, and called each monthly registration an issue. (*See* TX6340548, TX6337638, TX6348331, TX6375576, TX6425047, TX6508679, TX6528697, TX6508717, TX6508677, TX6550419, TX6550433, TX6587065, TX6627352, TX6627336, TX6627351, TX6648199, TX6629701, TX6646291, TX6646225, and TX6648017).  Defendant never sought nor obtained any copyright registrations for the cover emails that accompanied its *CED*.

10.     Defendant concedes that UEI is permitted to forward copies of the email headlines without the attached *CED*.

11.     On February 15, 2006, Jodi Maugham, an employee of UEI signed up for an electronic subscription of Defendant's *CED*.  On July 17, 2006, the subscription was transferred to Michael Hirsch, another employee of UEI.  The

1   subscription letter did not disclose that Defendant would be embedding tracking
2   and intercepting software and code into each daily email with Defendant's *CED*
3   attached that was sent to UEI during the Subscription Period.  Ms. Maugham and
4   Mr. Hirsch were not authorized by UEI to consent to Defendant's use of embedded
5   tracking and intercepting software and code by Defendant.

6        12.   Defendant's subscription letter stated that under the copyright law,
7   receiving an electronic subscription to Consumer Electronics Daily did not give
8   UEI any different rights from those available with a print subscription.

9        13.   Defendant's subscription letter also stated that UEI may only have one
10  copy of Consumer Electronics Daily in all media at one time.  "If you use your
11  electronic version of Consumer Electronics Daily to make a hard copy printout (as
12  we allow you to do), you must immediately erase the electronic version.  If you
13  forward a copy to someone else (even within your company), you must
14  immediately erase the original copy from your computer.  Similarly, you may not
15  make your single electronic subscription available on a network (without obtaining
16  a network site license) because that would give individual copies to multiple
17  network users."

18       14.   Defendant distributed issues of its *CED* to electronic subscribers as an
19  attachment to an email that lists the articles in the attached *CED*.

20       15.   The headlines included in the email are generally publicly available on
21  a daily basis on Defendant's website.

22                         **Defendant's Wrongful Conduct**

23       16.   UEI began receiving emails from Defendant with its *CED* attached on
24  or about February 20, 2006.   UEI's subscription expired on or about February 19,
25  2008.

26       17.   ReadNotify manufactures, develops, uses, and/or facilitates the use of
27  embedded email tracking and intercepting software and code.  On information and
28  belief, this software and code sends out embedded electronic robots, spiders, or

other automated devices into an email recipient's computer and/or server once that email recipient opens, reads, and forwards the email in order to extract information from the computer and/or server.   On information and belief, the behavior of ReadNotify's software and code is analogous to spyware or malware that is downloaded to an Internet user's computer over the Internet.  Once the software or code is embedded, ReadNotify and Defendant can make use of the different and compatible scripting languages.   On information and belief, this may include the exploitation of security holes in the Windows system architecture.

18.   Defendant hired, instructed, and encouraged its agent ReadNotify to embed email tracking and intercepting software and code into each daily email that had Defendant's *CED* attached and was sent to UEI during the Subscription Period.

19.   On each business day during the Subscription Period, Defendant and/or ReadNotify embedded email tracking and intercepting software and code into each email sent to UEI with Defendant's *CED*.   The tracking and intercepting software and code placed on UEI's computers and/or servers included embedded automated devices used to extract information from UEI's computers and/or servers.

20.   UEI never authorized Defendant and/or ReadNotify to embed email tracking and intercepting software and code into each email sent to UEI with Defendant's *CED* attached.

21.   On its website located at www.readnotify.com, ReadNotify publicly touts that its products and services allow ReadNotify to provide tracking reports to customers which show the:  "Date and time an email is opened, location of recipient (per their ISP city /town), map of location (available on paid subscriptions), recipients IP address, apparent email address of opening (if available), referrer details (ie; if accessed via web mail etc),  URL clicks, how long the email was read for, how many times your email was opened, and if your email was forwarded, or opened on a different computer."   According to its website,

1   ReadNotify also offers email sending options such as "invisible tracking" and "self-
2   destructing emails."

3       22.   On information and belief, Defendant received regular email tracking
4   reports from ReadNotify during the Subscription Period.

5       23.   Defendant offers annual network site licenses of *CED*.

6   **Defendant Sat On Its Purported Copyright Claims Against UEI for Years.**

7       24.   Notwithstanding Defendant's receipt of regular email tracking reports
8   since February 20, 2006, Defendant lay in wait, remained silent, and failed to notify
9   UEI of Defendant's copyright infringement accusations for two years even though
10  it had knowledge of UEI's alleged infringing conduct.

11      25.   Then, on February 19, 2008, Defendant sent a letter to UEI asserting a
12  right to millions of dollars in statutory damages for alleged copyright infringement.
13  Defendant claimed that UEI's alleged copying and distribution of the *CED* attached
14  to an email, and not the email, constituted copyright infringement.

15      26.   After UEI denied any copyright infringement, Defendant sent a
16  follow-up letter to UEI on April 22, 2008 in which it admitted that Defendant
17  embedded email tracking and intercepting software and code into each email sent to
18  UEI with Defendant's *CED attached.*   Defendant also attached email tracking
19  reports that showed when emails were opened, where they were opened, who
20  opened them, what Internet browser was used, and how long the email was read.

21      27.   Significantly, Defendant's tracking reports do not show the attached
22  *CED* copy was forwarded, but just show when the cover email was forwarded.

23      28.   Defendant repeated its allegations of copyright infringement and
24  offered to settle for millions of dollars.

25      29.   During the months preceding the filing of this Complaint, UEI
26  received additional correspondence and telephone communications from Defendant
27  in which Defendant continued to assert that UEI infringed its copyrights in the

28

1  *CED*.  UEI consistently responded to Defendant that its investigation confirmed

2  that no copyright infringement had occurred.

### UEI's Receipt and Storage of the *CED*

4      30.  None of the employees who received the *CED* were authorized to

5  make business decisions on behalf of UEI.  Ms. Maugham and Mr. Hirsch were not

6  authorized by UEI to consent to Defendant's use of embedding tracking and

7  intercepting software and code.

8      31.  For document management, storage, and security purposes and as

9  required under UEI IT policy, the employees who received the *CED* on a computer

10  in this District moved the *CED* to another computer and erased the original *CED*

11  copy.  UEI's employees' actions were permitted by Defendant's subscription letter

12  and the Copyright laws.

13      32.  The original email without the *CED* was not protected by any alleged

14  copyrights.

15      33.  No evidence demonstrates that any UEI employees simultaneously

16  viewed the *CED* during the Subscription Period or thereafter and the practice of

17  saving the single *CED* copy did not give multiple copies to multiple users.

18      34.  Defendant's subscription letter did not limit the *CED* copy to one user

19  or one computer, did not restrict the number of backup copies, did not prohibit

20  saving the single *CED* copy to a disk or computer, and did not prohibit forwarding

21  a single copy of the *CED*.

### Defendant's Pattern of Misuse of U.S. Copyright Law.

23      35.  Defendant has a pattern of misusing its alleged copyrights by setting

24  up its subscribers with bogus copyright infringement claims.  Publicly available

25  information (*see, e.g. Free Press v. Warren Communications News, Inc.*, Case No.

26  08CV623 (D. D.C. 2008)) and Defendant's own admissions confirm that Defendant

27  collects subscription fees, then launches unauthorized software and code on

28  customers' computer systems with the goal of manufacturing copyright

infringement claims against its customers. Defendant sits on its alleged copyright counts for years hoping to multiply the number of potential infringement claims it can assert against its customers. When the statute of limitations approaches for asserting copyright infringement claims, Defendant contacts its customers and accuses them of breaking the terms of the subscription agreement and infringing its copyrights in the *CED* newsletters. Defendant then threatens its customers by suggesting they are liable for tens of millions of dollars in potential statutory damages if they do not settle Defendant's copyright count for millions of dollars. In sum, Defendant's business model is to take its customers' $2000 annual subscription fee and attempt to multiply that fee more than a hundred fold.

### Defendant's Wrongful Conduct Has Injured UEI.

36.     Defendant's unauthorized activities and use of email tracking and intercepting software and code were conducted intentionally and knowingly, and were purposefully performed without UEI's consent.

37.     The unauthorized use of UEI's computers, servers, software, and/or systems has caused irreparable injury, loss, and damage to UEI, all the while risking business and operational damages.

38.     After learning its computer systems may have been compromised by Defendant's email tracking and intercepting code and software, UEI conducted a damage assessment to determine how the condition, quality, or value of UEI's hardware and software was affected.

39.     Likewise, UEI engaged outside counsel to evaluate the legal implications of Defendant's conduct and to respond to Defendant's infringement allegations, which were purportedly supported by Defendant's wrongful use of email tracking and intercepting code and software.

40.     UEI also incurred significant expense through its diversion of key personnel and company resources to evaluate Defendant's copyright infringement allegations and to discover if and how UEI's hardware and software systems along

1   with UEI's proprietary materials were compromised by Defendant's illegal
2   activities.

3   ### COUNT I

4   ### (Computer Fraud and Abuse in Violation of 18 U.S.C. § 1030)

5       41.    UEI realleges and incorporates paragraphs 1 through 40 as if set forth
6   fully herein.

7       42.    ReadNotify was Defendant's agent and/or Defendant instructed and
8   encouraged ReadNotify to access protected UEI computers at all times relevant.

9       43.    During the Subscription Period Defendant and/or ReadNotify
10  repeatedly embedded email tracking and intercepting software and code into UEI's
11  computer systems through the daily email sent to UEI forwarding Defendant's
12  *CED.* On information and belief, the tracking and intercepting software and code
13  placed on UEI's computers and/or servers included embedded electronic robots,
14  spiders, or other automated devices used to extract information from UEI's
15  protected computers.

16      44.    The email tracking and intercepting software and code that was
17  embedded into each email allowed Defendant to receive tracking reports which
18  showed, among other things, the: Date and time an email is opened, location of
19  recipient (via their ISP city /town), map of location (available on paid
20  subscriptions), recipients IP address, apparent email address of opening (if
21  available), referrer details (ie; if accessed via web mail etc), URL clicks, how long
22  the email was read for, how many times the email was opened, and if the email was
23  forwarded, or opened on a different computer.

24      45.    Without authorization and/or exceeding any authorization, Defendant
25  and/or Defendant's agent ReadNotify accessed protected UEI computers and
26  obtained on an unauthorized basis or by exceeding any authorization, information
27  involved in an interstate or foreign communication.

28

46.     In addition, Defendant and/or ReadNotify knowingly caused the transmission of a program, software, code, information, or command, and as a result intentionally caused damage and loss without authorization and/or exceeding any authorization.  Defendant and/or ReadNotify intentionally accessed a protected computer without authorization and/or exceeding any authorization, and as a result recklessly caused damage and loss.  Defendant and/or ReadNotify intentionally accessed a protected computer without authorization, and as a result caused damage.  Such conduct has caused damage and loss to UEI during the past year exceeding $5,000.

47.     Under 18 U.S.C. § 1030(g), UEI is entitled to compensatory damages and temporary, preliminary, and permanent injunctive relief.

## COUNT II

### (Violation of the Stored Communications Act, 18 U.S.C. § 2701)

48.     UEI realleges and incorporates paragraphs 1 through 40 as if set forth fully herein.

49.     ReadNotify was Defendant's agent and/or Defendant instructed and encouraged ReadNotify to intentionally access protected UEI computers and servers at all times relevant.

50.     During the Subscription Period Defendant and/or ReadNotify repeatedly embedded email tracking and intercepting software and code into UEI's computer systems through the daily email sent to UEI  forwarding Defendant's *CED*.  On information and belief, the tracking and intercepting software and code placed on UEI's computers and/or servers included embedded electronic robots, spiders, or other automated devices used to extract information from UEI's protected computers and servers.

51.     The email tracking and intercepting software and code that was embedded into each email allowed Defendant to receive tracking reports which showed the:  Date and time an email is opened,  location of recipient (per their ISP

city /town), map of location (available on paid subscriptions), recipients IP address, apparent email address of opening (if available), referrer details (ie; if accessed via web mail etc),  URL clicks, how long the email was read for, how many times the email was opened, and if the email was forwarded, or opened on a different computer.

52.   Without authorization Defendant and/or ReadNotify intentionally accessed protected UEI computers and servers and obtained on an unauthorized basis access to UEI electronic communications that were stored on protected UEI computers and servers.   Defendant and/or ReadNotify's actions were done in interstate commerce.

53.   UEI suffered injury as a direct and proximate result of Defendant's conduct.

54.   UEI is entitled to damages and temporary, preliminary, and permanent injunctive relief.

### COUNT III

### (Comprehensive Computer Data Access & Fraud Act in Violation of Cal. Penal Code § 502)

55.   UEI realleges and incorporates paragraphs 1 through 40 as if set forth fully herein.

56.   ReadNotify was Defendant's agent and/or Defendant instructed and encouraged ReadNotify to intentionally access protected UEI computers at all times relevant.

57.   During the Subscription Period Defendant and/or ReadNotify repeatedly embedded email tracking and intercepting software and code into UEI's computer systems through the daily email sent to UEI  forwarding Defendant's *CED*.  On information and belief, the tracking and intercepting software and code placed on UEI's computers and/or servers included embedded electronic robots,

1    spiders, or other automated devices used to extract information from UEI's

2    protected computers.

3    58.    The email tracking and intercepting software and code that was

4    embedded into each email allowed Defendant to receive tracking reports that show

5    the:  Date and time an email is opened,  location of recipient (per their ISP city

6    /town), map of location (available on paid subscriptions), recipients IP address,

7    apparent email address of opening (if available), referrer details (ie; if accessed via

8    web mail etc),  URL clicks, how long the email was read for, how many times your

9    email was opened, and if your email was forwarded, or opened on a different

10    computer.

11    59.    Without   authorization   or   permission   and/or   exceeding   any

12    authorization or permission, Defendant and/or ReadNotify knowingly accessed

13    protected UEI computers and obtained on an unauthorized basis or by exceeding

14    any authorization information and added, altered, damaged, deleted, or destroyed

15    data, computer software, or computer programs that resided on protected UEI

16    computers.

17    60.    In addition, without authorization or permission and/or exceeding any

18    authorization or permission, Defendant and/or ReadNotify knowingly caused the

19    transmission of email tracking software and code into protected UEI computers.

20    Defendant and/or ReadNotify's conduct was a willful introduction of a computer

21    contaminant into UEI's protected computers that caused damage to UEI.

22    61.    UEI suffered injury as a direct and proximate result of Defendant's

23    conduct.  Defendant acted with malice and/or for purposes of oppression or fraud.

24    62.    Under California Penal Code §502(e), UEI is entitled to compensatory

25    and punitive damages, costs and attorneys' fees.

26

27

28

## COUNT IV

### (Violation of California Business and Professions Code § 17200)

63.　UEI realleges and incorporates paragraphs 1 through 40 as if set forth fully herein.

64.　ReadNotify was Defendant's agent and/or Defendant instructed and encouraged ReadNotify at all times relevant.

65.　Without authorization and/or exceeding any authorization, Defendant and/or ReadNotify repeatedly embedded email tracking and intercepting software and code into each daily email sent to UEI that attached Defendant's *CED*.  On information and belief, the tracking and intercepting software and code placed on UEI's computers and/or servers included embedded electronic robots, spiders, or other automated devices used to extract information from the computer and/or server. Defendant's actions constitute a violation of the law, namely, a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; a violation of the Stored Communications Act, 18 U.S.C. § 2701; a violation of California Penal Code § 502 (Comprehensive Computer Data Access & Fraud Act); California common law invasion of privacy; and California common law trespass to chattels; (*See* Counts I-III, V-VI).

66.　In addition, Defendant has a pattern of misusing its alleged copyrights by setting up its subscribers with bogus copyright infringement claims.  Publicly available information (*see, e.g. Free Press v. Warren Communications News, Inc.*, Case No. 08CV623 (D. D.C. 2008)) and Defendant's own admissions confirm that Defendant collects subscription fees, then launches unauthorized software and code on customers' computer systems with the goal of manufacturing copyright infringement claims against its customers. Defendant sits on its alleged copyright counts for years hoping to multiply the number of potential infringement claims it can assert against its customers. When the statute of limitations approaches for asserting copyright infringement claims, Defendant contacts its customers and

accuses them of breaking the terms of the subscription agreement and infringing its copyrights in the *CED* newsletters. Defendant then threatens its customers by suggesting they are liable for tens of millions of dollars in potential statutory damages if they do not settle Defendant's copyright count for millions of dollars. In sum, Defendant's business model is to take its customers' $2000 annual subscription fee and attempt to multiply that fee more than a hundred fold.

67. Defendant engaged in unlawful, unfair or fraudulent business acts or practices that offends established public policy and is substantially injurious to consumers. Defendant's misconduct constitutes a violation of California Business and Professions Code § 17200.

68. UEI suffered injury as a direct and proximate result of Defendant's conduct.

69. UEI should be awarded attorneys' fees as private attorney general pursuant to Cal. Code Civ. Proc § 1021.5 because UEI's enforcement of Defendant's violation of the California Business and Professions Code § 17200 benefits the public.

70. UEI is entitled to damages and temporary, preliminary, and permanent injunctive relief.

## COUNTY V

### (California Common Law Invasion of Privacy)

71. UEI realleges and incorporates paragraphs 1 through 40 as if set forth fully herein.

72. ReadNotify was Defendant's agent and/or Defendant instructed and encouraged ReadNotify to intentionally access and intrude upon the seclusion of protected UEI computers and electronic communications at all times relevant. Defendant intentionally accessed and intruded upon the seclusion of protected UEI computers and electronic communications.

73.    During the Subscription Period Defendant and/or ReadNotify repeatedly embedded email tracking and intercepting software and code into each daily email sent to UEI that attached Defendant's *CED*. On information and belief, the tracking and intercepting software and code placed on UEI's computers and/or servers included embedded electronic robots, spiders, or other automated devices used to extract information from UEI's protected computers.

74.    The email tracking and intercepting software and code that was embedded into each email allowed Defendant to receive tracking reports which showed the: Date and time an email is opened,  location of recipient (per their ISP city /town), map of location (available on paid subscriptions), recipients IP address, apparent email address of opening (if available), referrer details (ie; if accessed via web mail etc),  URL clicks, how long the email was read for, how many times the email was opened, and if the email was forwarded, or opened on a different computer.

75.    UEI's protected computers and electronic communications were private and not available to the public.

76.    Defendant and/or ReadNotify's actions were highly offensive to a reasonable person and constitute an invasion of privacy under California law.

77.    UEI suffered injury as a direct and proximate result of Defendant's conduct.

78.    UEI is entitled to damages and temporary, preliminary, and permanent injunctive relief.

## COUNT VI

### (Trespass to Chattels)

79.    UEI realleges and incorporates paragraphs 1 through 40 as if set forth fully herein.

80.   ReadNotify was Defendant's agent and/or Defendant instructed and encouraged ReadNotify to access protected UEI computers, servers, and/or software at all times relevant.

81.   UEI's protected computers, servers, and/or software are its personal property.

82.   During the Subscription Period Defendant and/or ReadNotify repeatedly embedded email tracking and intercepting software and code into UEI's computer systems through the daily email sent to UEI forwarding Defendant's *CED*. On information and belief, the tracking and intercepting software and code placed on UEI's computers, servers, and/or software included embedded electronic robots, spiders, or other automated devices used to extract information from UEI's protected computers.

83.   The email tracking and intercepting software and code that was embedded into each email allowed Defendant to receive tracking reports which showed the: Date and time an email is opened, location of recipient (per their ISP city /town), map of location (available on paid subscriptions), recipients IP address, apparent email address of opening (if available), referrer details (ie; if accessed via web mail etc), URL clicks, how long the email was read for, how many times the email was opened, and if the email was forwarded, or opened on a different computer.

84.   Defendant and/or ReadNotify intentionally and without authorization or consent or exceeding any authorization or consent accessed protected UEI computers. Defendant and/or ReadNotify knowingly and repeatedly caused the transmission of automated email tracking software and code into protected UEI computers.

85.   Defendant and/or ReadNotify unlawfully, knowingly, willfully, maliciously, and with reckless, callous, and criminal indifference to and disregard

1   for the rights of others gained access to and repeatedly interfered and meddled with

2   UEI's personal and private property.

3       86.    Defendant and/or ReadNotify committed a trespass by, among other

4   misconduct, accessing protected UEI computers without authorization or consent or

5   exceeding the scope of consent, authorization, and invitation to access UEI's

6   protected computers.

7       87.    Defendant and/or ReadNotify have used UEI's computers and their

8   capacity without authorization or permission to enrich Defendant's business,

9   causing damage or alteration and depriving UEI of its own resources. The

10  condition, quality, or value of UEI's protected computers has been diminished by

11  Defendant's actions. UEI did not want or invite such damage or alteration.

12      88.    Defendant's unwanted and uninvited intermeddling with UEI's

13  personal property constitutes and actual or intended trespass to property owned by

14  UEI that has harmed UEI's business and operations and will continue to harm UEI.

15  UEI suffered injury as a direct and proximate result of Defendant's conduct.

16      89.    UEI is entitled to damages and temporary, preliminary, and permanent

17  injunctive relief.

18  **<u>COUNT VII</u>**

19  **(Declaratory Judgment of No Copyright Infringement)**

20      90.    UEI realleges and incorporates paragraphs 1 through 40 as if set forth

21  fully herein.

22      91.    UEI brings this claim for declaratory relief for the purpose of

23  determining a question of actual controversy among the parties, namely whether

24  UEI infringes Defendant's copyrights.

25      92.    An actual justiciable controversy exists among UEI and Defendant

26  concerning infringement of certain of Defendant's copyrights based on the many

27  letters UEI has received from Defendant since February 19, 2008 accusing UEI of

28

COMPLAINT

1    alleged infringement from February 20, 2006 through February 19, 2008, and

2    demanding millions of dollars.

3        93.    On information and belief, Defendant claims to be the lawful owner of

4    certain copyright registrations covering the Subscription Period, including the right

5    to sue and recover damages for infringement.   (*See* TX6340548, TX6337638,

6    TX6348331, TX6375576, TX6425047, TX6508679, TX6528697, TX6508717,

7    TX6508677, TX6550419, TX6550433, TX6587065, TX6627352, TX6627336,

8    TX6627351,    TX6648199,    TX6629701,    TX6646291,    TX6646225,    and

9    TX6648017).

10        94.    UEI has not infringed, and has neither induced infringement, nor

11    contributed to infringement by others, nor vicariously infringed of any of

12    Defendant's copyrights.

13        95.    Defendant's copyright infringement claim is barred by estoppel,

14    implied license, acquiescence, waiver, and laches.

15        96.    Defendant's copyright infringement claim is barred by the equitable

16    doctrine of unclean hands.

17        97.    Defendant's copyright infringement claim is barred by the applicable

18    statute of limitations.

19        98.    Defendant's copyright infringement claim is barred by the doctrine of

20    copyright misuse.

21        99.    Defendant's copyright infringement claim is barred for lack of

22    originality sufficient for protection under the Copyright Act.

23        100.   Defendant's copyright infringement claim is barred because

24    Defendant's copyright registrations are invalid and unenforceable.

25        101.   Defendant's copyright infringement claim is barred because the work

26    for which copyright protection is claimed is in the public domain.

27        102.   Defendant's copyright infringement claim is barred because words,

28    titles, slogans, and headlines are excluded from Copyright protection.

103. Defendant's copyright infringement claim for certain copyrights is barred based on Defendant's failure to register those copyrights with the Copyright Office during the period of alleged infringement.

104. Defendant's recovery for copyright infringement is barred by Defendant's failure to mitigate damages.

105. Defendant did not incur any actual damages or injury as a result of UEI's alleged infringement and UEI did not commercially profit from its alleged copyright infringement.

106. Defendant's statutory damages recovery for copyright infringement is limited to, at the very most, awards for twenty (20) registered works because it only submitted twenty monthly registrations during the period of alleged infringement -- Defendant did not register the *CED* on a daily or weekly basis; the *CED* is a newsletter published by the Defendant that is only available from Defendant with an annual subscription and via an initial free monthly offer on Defendant's Web site, it is not available for daily purchase; the Copyright Office did not require Defendant to submit daily issues; during the period of alleged infringement Defendant did not file a registration for the months of June 2006 and March, April, and September 2007 and Defendant failed to file a registration for the month of November 2006 within three months of its publication; UEI only received issues for part of the two months of February 2006 and 2008 and Defendant would not be able to show substantially similarity; and 17 U.S.C. § 412 limits the availability of statutory damages to registered works. Therefore, each *CED* does not have independent economic value to be considered a registered work. But most likely, Defendant is only entitled to three awards, one for each annual serial volume.

107. UEI's alleged copyright infringement constituted fair use, was innocent, was permitted by Defendant as stated in Defendant's subscription letter, was not willful or with a reckless disregard of Defendant's rights, and/or was done without UEI's knowledge or awareness.

## Prayer for Relief

WHEREFORE, UEI respectfully requests that the Court enter judgment against Defendant:

1. That Defendant has:

    a.    Violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030;

    b.    Violated the Stored Communications Act, 18 U.S.C. § 2701;

    c.    Violated California Penal Code § 502 (Comprehensive Computer Data Access & Fraud Act);

    d.    Violated the California Business and Professions Code § 17200;

    e.    Violated California common law invasion of privacy; and

    f.    Committed California common law trespass to chattels.

2. That a declaratory judgment of no copyright infringement be granted in UEI's favor.

3. That the Court issue injunctive relief against Defendant, such that Defendant and its officers, agents, representatives, servants, employees, attorneys, customers, successors, and assigns, and all others in active concert of participating with Defendant, be enjoined and restrained from accessing UEI's protected computers.

4. That the Court order Defendant to pay UEI the costs of this action and the reasonable attorney fees incurred by UEI in prosecuting this action as provided by law.

5. That the Court award UEI its compensatory damages suffered as a result of the misconduct alleged herein.

6. That the Court award UEI punitive damages in an amount sufficient to punish Defendant and deter further illegal conduct.

7. That the Court grant such other and additional relief as the Court may deem just and proper, whether in law or equity.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Jury Demand

UEI demands a trial by jury on all issues so triable.

Respectfully submitted,

Wendy M. Mantell
GREENBERG TRAURIG LLP
2450 Colorado Avenue
Suite 400 East
Santa Monica, CA 90404
Telephone: 310-586-7700
Facsimile: 310-586-7800

Mark R. Galis
Jeffrey G. Mote
Kevin J. O'Shea
James J. Lukas, Jr.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Telephone: 312-456-8400
Fax: 312-456-8435

*Counsel for Plaintiff, Universal Electronics Inc.*

COMPLAINT

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) UNIVERSAL ELECTRONICS INC. | DEFENDANTS WARREN COMMUNICATIONS NEWS, INC. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Greenberg Traurig LLP (Wendy Mantell), 2450 Colorado Avenue, Suite 400 East, Santa Monica, CA 90404 Telephone: 310-586-7700 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Computer Fraud & Abuse Act (18 USC 1030); Stored Communications Act (18 USC 2701); Declaration of No Copyright Infringement (17 USC 101/28 USC 2201-2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | | **SOCIAL SECURITY** |
| | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

## SACV09-00207 DOC (RNBx)

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

CONFORMED COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES:  Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date 02/18/2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV09- 207 DOC  (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC.<br><br>PLAINTIFF(S)<br><br>v.<br><br>WARREN COMMUNICATIONS NEWS, INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV09-00207 DOC (RNBx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>Warren Communications News, 2115 Ward Court N.W., Washington D.C. 20037</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Wendy Mantell, Greenberg Traurig</u>___, whose address is <u>2450 Colorado Avenue, Suite 400 East, Santa Monica, CA 90404</u>_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **FEB 19 2009** _____

By: _____
     Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL